**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CXA-10 CORPORATION,

        Plaintiff(s),

v.

BARRY A. FORD,

        Defendant(s).

2:12-CV-1554 JCM (PAL)

**ORDER**

Presently before the court is plaintiff CXA-10 Corporation's ("CXA") motion for deficiency judgment. (Doc. # 64). Also before the court is plaintiff's motion for summary judgment. (Doc. # 67). Defendant Barry Ford has filed a consolidated response (doc. # 72) and plaintiff has filed a consolidated reply (doc. # 73).

**I.  Background**

This matter arises out of a loan transaction between non-party Community Bank of Nevada ("Community Bank"), which is the original lender, and Sunset Partners, LLC ("Sunset"), of which defendant is the manager.

On or about February 2, 2004, Community Bank agreed to loan Sunset $2,650,000. In return, Sunset granted Community Bank a security interest in real property commonly known as 1351 West Sunset Road, Henderson, Nevada 89014 ("the property").

That same day, the defendant executed a commercial guaranty whereby he guaranteed to

**James C. Mahan**
**U.S. District Judge**

1  repay the amounts due by Sunset under the note plus interest to Community Bank.

2  Community Bank subsequently failed, and the FDIC was named as receiver on or about
3  August 14, 2009. Shortly thereafter, non-party Beal Bank USA ("Beal") purchased the subject loan
4  from the FDIC.

5  On or about January 27, 2012, Beal assigned the loan and the rights thereunder to plaintiff,
6  which is its associated holding company. On or about January 31, 2012, plaintiff conducted the
7  trustee's sale of the property. Plaintiff's bid at the sale was $1,360,000.00. Prior to the trustee's
8  sale, the remaining unpaid balance due and owing under the loan documents was $2,534,567.12.

9  First National Bank of Layton ("First National") was a 50% participant on the loan. On
10 September 6, 2012, plaintiff purchased First National's interest for $1,000,000.00.

11 Plaintiff has now filed a complaint for breach of guaranty and requested a deficiency
12 judgment. Plaintiff alleges it is owed $854,511.12 plus $58,119.34 in interest.

13 **II.  Legal Standard**

14 The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
16 show that "there is no genuine issue as to any material fact and that the movant is entitled to a
17 judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is
18 "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317,
19 323–24 (1986).

20 In determining summary judgment, a court applies a burden-shifting analysis. "When the
21 party moving for summary judgment would bear the burden of proof at trial, it must come forward
22 with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.
23 In such a case, the moving party has the initial burden of establishing the absence of a genuine issue
24 of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
25 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

26 In contrast, when the nonmoving party bears the burden of proving the claim or defense, the
27 moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   Discussion

There is no genuine issue of material fact that the defendant entered into the binding guaranty, that the borrower defaulted, and that the defendant is now responsible for the deficiency amount. Plaintiff is therefore entitled to summary judgment as to liability.

### A. Authentication of the loan documents

Defendant opposes summary judgment on the grounds that the documents relied upon by plaintiff, apparently including the note, deed of trust, loan sale agreement, and guaranty, have not been properly authenticated and are therefore inadmissable.

Plaintiff has submitted the aforementioned documents along with an affidavit from Mr. Hall, the servicer for both Beal and plaintiff, who has personal knowledge of the loan documents received from the FDIC. In addition, defendant has admitted in his interrogatory responses that he signed the relevant documents, including the subject guarantee. (*See* doc. # 67-2). Finally, the subject documents are self-authenticating under the federal rules as they qualify as "commercial paper." *See* Fed. R. Evid. 902(9) ("Commercial paper, a signature on it, and related documents. . .require no extrinsic evidence of authenticity in order to be admitted."). Plaintiff has clearly satisfied its burden in producing "sufficient proof. . .so that a reasonable juror could find in favor of authenticity." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).

In support of his authenticity argument, the defendant does nothing more than assert that the subject documents might have somehow been altered when they were in the possession of the FDIC and/or Beal. However, he provides no evidence to support that assertion. It is well established that a nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. The defendant relies solely on a conclusory allegation wholly unsupported by any facts and has not satisfied his burden regarding authenticity. Accordingly, the court finds the documents proffered by the plaintiff are authentic and may be relied upon in moving for summary judgment.

### B. Breach of guaranty

"General contract interpretation principals apply to interpret guaranty agreements." *Dobron v. Bunch*, 125 Nev. 460, 464 (Nev. 2009). As with a claim for breach of contract, a claim for breach

James C. Mahan
U.S. District Judge

- 4 -

1  of guaranty lies where there may be demonstrated "(1) the existence of a valid contract, (2) a breach
2  by the defendant, and (3) damages as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp.
3  2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865)).

4      It is undisputed that a guaranty to repay a loan is a valid contract. Defendant further admits
5  that he signed the loan guaranty, that the borrower (Sunset) defaulted, and that the balance owed on
6  the loan was $2,579,022.24. (*See* opposition, doc. # 72 at p. 3-4, 6). Accordingly, there is no
7  question that plaintiff has proven a claim for breach of guaranty.

8      In addition to his authentication defense, the defendant asserts that recovery on the guaranty
9  is barred by the doctrine of laches. In particular, defendant argues "the delay and transfers of the
10 loan amount to an affirmative defense of laches [because] [p]laintiff waited. . . more than two years
11 without making a demand for payment upon the loan or the guaranties [which] allowed the
12 [p]roperty to become vacant and lose marketable value." (*Id.* at p. 4). Defendant alleges no facts
13 to support his argument and, in fact, admits that he "has asserted affirmative defenses, that *if*
14 *supported by true facts* would be a defense to the enforcement of the guarantees or supportive of a
15 claim for recoupment." (*Id.* at p. 12) (emphasis added). As with his authentication defense, he relies
16 on conclusory allegations unsupported by factual data, which is not enough to survive summary
17 judgment.[1] *Taylor*, 880 F.2d 1045.

18     Accordingly, the court grants summary judgment in favor of plaintiff as to the issue of
19 liability.

20     *C. Abstention pending Nevada Supreme Court ruling*

21     With regard to the deficiency amount, defendant urges the court to abstain from a decision
22 pending a ruling from the Nevada Supreme Court interpreting NRS.451 *et seq*, and specifically NRS
23 40.459(1) (dealing with limitations on the amount of money judgments where the right was
24 transferred between persons). Defendant asserts that the statute applies retroactively, that the matter
25 is currently pending before the Nevada Supreme Court, and that the calculation of any deficiency

---

[1] Defendant's claim regarding the loss of marketable value is more appropriately suited for argument as to the market value of the property for purposes of deficiency calculations, and not as a bar to the breach of guaranty claim.

1 prior to the Supreme Court's decision would be "inaccurate."

2 The Nevada Supreme Court has since issued a decision regarding the retroactivity of NRS
3 40.459(1)(c), holding:

> NRS 40.459(1)(c) was added to Nevada's law by Assembly Bill 273, which provided that NRS 40.459(1)(c) would "become effective upon passage and approval." 2011 Nev. Stat., ch. 311, §§ 5, 7, at 1743, 1748. . . Because the language of the enrollment section does not overcome the presumption against retroactivity, NRS 40.459(1)(c) *only applies prospectively*. We therefore conclude that the limitations in NRS 40.459(1)(c) apply to sales, pursuant to either judicial foreclosures or trustee's sales, occurring on or after the effective date of the statute. We further conclude that in cases where application of NRS 40.459(1)(c) would not have a retroactive effect, it applies to any transfer of the right to obtain a deficiency judgment, regardless of when the right was transferred.

*Sandpointe Apts. v. Eighth Jud. Dist. Ct.*, 313 P.3d 849, 851 (Nev. 2013) (emphasis added). As Beal originally obtained the loan from the FDIC in 2009, the Nevada Supreme Court's decision therefore makes clear that NRS 40.459(1)(c) does not retroactively apply to the transfers at issue here.

*D. Deficiency judgment under NRS 40.455 et seq.*

NRS Chapter 40 governs deficiency judgments. Under NRS 40.455, the judgment creditor may apply to the court for a deficiency judgment within "6 months after the date of the foreclosure sale or the trustee's sale."

NRS 40.457 mandates that, "[b]efore awarding a deficiency judgment under NRS 40.455, the court shall hold a hearing and shall take evidence presented by either party concerning the fair market value of the property sold as of the date of foreclosure sale or trustee's sale. . ." NRS 40.457(1). In addition, "[u]pon application of any party made at least 10 days before the date set for the hearing the court shall, or upon its own motion the court may, appoint an appraiser to appraise the property sold as of the date of foreclosure sale or trustee's sale." NRS 40.457(2).

As such, the court will refrain from making a determination as to the amount owed at this time. Moreover, the court declines to appoint an appraiser. Instead, the parties are ordered to brief

**James C. Mahan**
**U.S. District Judge**

- 6 -

the issues regarding fair market value and deficiency amounts and to submit them in accordance with the requirements below.

### IV. Conclusion

The court hereby enters summary judgment in favor of plaintiff as to liability. In accordance with the requirements of NRS 40.451 *et seq*, the court will hold a hearing to determine the deficiency amount. The parties are ordered to brief the deficiency amount in no more than ten (10) pages and submit their arguments according to the schedule set forth below.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for deficiency judgment (doc. # 64) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (doc. # 67) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that the parties shall file briefs addressing the deficiency amount within fourteen (14) days from the publication of this order. The deficiency hearing shall be held on **February 26, 2014, at 11:00 a.m.**, in Las Vegas courtroom 6A.

DATED February 4, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**