UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CXA-10 CORPORATION,<br><br>Plaintiff(s),<br><br>v.<br><br>BARRY A. FORD,<br><br>Defendant(s). | Case No. 2:12-CV-1554 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Barry A. Ford's (hereinafter "defendant") motion for summary judgment on the determination of any deficiency. (Doc. # 88). Plaintiff CXA-10 Corporation (hereinafter "plaintiff") filed an opposition (doc. # 93), and defendant filed a reply, (doc. # 94).

**I.    Background**

This matter arises out of a loan transaction between non-party Community Bank of Nevada (hereinafter "Community Bank"), which is the original lender, and Sunset Partners, LLC (hereinafter "Sunset"), of which defendant is the manager.

On February 2, 2004, Community Bank agreed to loan Sunset $2,650,000. In return, Sunset granted Community Bank a security interest in real property commonly known as 1351 West Sunset Road, Henderson, Nevada 89014 (hereinafter "the property").

That same day, the defendant executed a commercial guaranty whereby he guaranteed to repay the amounts due by Sunset under the note plus interest to Community Bank.

Community bank subsequently entered into a participation agreement with First National Bank of Layton (hereinafter "First National"). Through the participation agreement, First National purchased a 50% participation interest in the loan.

1  Community Bank subsequently failed, and the Federal Deposit Insurance Corporation (hereinafter "FDIC") was named as receiver on August 14, 2009. Shortly thereafter, non-party Beal Bank USA (hereinafter "Beal") purchased Community Bank's 50% interest from the FDIC.

On January 27, 2012, Beal assigned its 50% interest in the loan and rights to plaintiff, which is its associated holding company. The consideration paid by plaintiff for the 50% interest was $671,068.36. On January 31, 2012, a trustee's sale of the property was held. Plaintiff was the successful bidder with a bid of $1,340,000.00. At the time of the trustee's sale, plaintiff held a 50% interest in the loan and First National held the other 50%. The remaining unpaid balance due and owing under the loan documents was $2,579,022.24 and the fair market value of the property was $1,435,000. On September 6, 2012, plaintiff purchased First National's interest for $1,000,000.00.

Plaintiff filed a complaint for breach of guaranty and requested a deficiency judgment. (Doc. # 1). On May 3, 2013, plaintiff filed a motion for summary judgment. (Doc. # 67). This court found the defendant responsible for the deficiency amount and granted plaintiff's motion for summary judgment. (Doc. # 79).

**II.    Legal Standard**

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Conversely, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

. . .

### III. Discussion

#### a. Summary Judgment

Defendant seeks to have the court award summary judgment in his favor and asks the court to determine that the plaintiff is not entitled to any amount of deficiency judgment for which the defendant would be liable. (Doc. # 88).

Defendant's motion is unwarranted as the court has already granted summary judgment for the plaintiff on this issue. (Doc. # 79). Plaintiff filed a motion for summary judgment on May 3, 2013. (Doc. # 67). The court found no genuine issue of material fact existed and granted summary judgment on February 4, 2014. (Doc. # 79).

Because this issue has already been decided in favor of the plaintiff, the court will deny the defendant's motion for summary judgment as moot.

#### b. Amount of Deficiency

Plaintiff's opposition correctly argues that the only question the court may resolve at this time is the amount of deficiency to which plaintiff is entitled. (Doc. # 93). The court ordered the parties to brief the issues regard fair market value and deficiency amounts. (Doc. # 79). Plaintiff filed a brief regarding the deficiency amount (doc. # 84). Defendant did not file a brief.

This matter is governed by Nevada Revised Statute 40.459. § 40.459 provides that the court shall award a money judgment against the debtor, guarantor, or surety who is personally liable for the debt. Nev. Rev. Stat. § 40.459(1)(c) (2011). Further, the statute limits the amount the court shall render to "the amount by which the amount of the consideration paid for that right exceeds the fair market value of the property sold at the time of the sale or the amount for which the property was actually sold, whichever is greater." *Id.*

The Nevada Supreme Court issued a decision regarding the retroactivity of NRS 40.459(1)(c), holding the limitations in NRS 40.459 apply to judicial foreclosure or trustee's sales, occurring on or after the effective date of the statute. *Sandpointe Apts. v. Eighth Jud. Dist. Ct.*, 313 P.3d 849, 851 (Nev. 2013). Further, the court concluded that NRS 40.459(1)(c) applies to any transfer of the right to obtain a deficiency judgment, regardless of when the right was

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  transferred. *Id.* NRS 40.459 came into effect on June 10, 2011. Nev. Rev. Stat. § 40.459(1)(c)
2  (2011).
3  In an order granting plaintiff's motion for summary judgment, this court found that the
4  *Sandpointe* decision made clear that NRS 40.459(1)(c) does not retroactively apply to Beal's
5  acquisition of 50% interest in the loan in 2009. (Doc. # 79). The *Sandpointe* ruling makes clear
6  that the statute applies to Beal's January 27, 2012, transfer to the plaintiff. § 40.459 applies to
7  *any* transfer of the right to obtain a deficiency judgment, regardless of when the right was
8  transferred. *Sandpointe*, 313 P.3d 851. Here, Beal transferred their 50% interest in the loan to
9  plaintiff on January 27, 2012. Therefore, the statute applies to the transfer from Beal to the
10 plaintiff.
11 Applying § 40.459(1)(c) to the facts of this case, the court finds the plaintiff is entitled to
12 a deficiency amount of $264,220.69. Plaintiff paid $671,068.36 to Beal for the 50 % interest, as
13 well as $1,000,000.00 to First National for the remaining 50% interest. The property sold at the
14 trustee's sale for less than fair market value, therefore, NRS 40.459(1)(c) calls for the greater
15 amount to be included in the equation of deficiency. The calculations are as follows:

```
  $671,068.36 (Consideration paid by plaintiff to Beal)
+$1,000,000.00 (Consideration paid by plaintiff to First National)
 $1,671,068.36 (Total consideration paid for the loan)

 $1,671,068.36
-$1,435,000.00 (Fair market value of the property)
  $236,068.36 (Deficiency amount)

  $236,068.36 (Deficiency amount)
   +$28,152.33 (Interest)
  $264,220.69 (Total deficiency amount under NRS 40.459(1)(c))
```

**IV.    Conclusion**

Defendant's motion for summary judgment need not be considered as the court has already ruled that the defendant is liable for the deficiency. (Doc. # 79). Further, the court finds NRS 40.459(1)(c) applies to the January 27, 2012, transfer from Beal to the plaintiff. As such, plaintiff is entitled to a deficiency judgment in the amount of $264,220.69.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants motion for summary judgment (doc. # 88), is DENIED as moot.

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that plaintiff is entitled to a deficiency judgment in the amount of $264,220.69.

DATED November 25, 2014.

_____
UNITED STATES DISTRICT JUDGE