UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CXA-10 CORPORATION,<br><br>Plaintiff(s),<br><br>v.<br><br>BARRY A. FORD,<br><br>Defendant(s). | Case No. 2:12-CV-1554 JCM (PAL)<br><br>ORDER |

Presently before the court is plaintiff CXA-10 Corp.'s motion for attorneys' fees and nontaxable costs. (Doc. # 97). Defendant Barry Ford did not file a reply and the deadline to do so has passed.

**I.     Background**

This matter arises out of a loan transaction between non-party Community Bank of Nevada ("Community Bank"), which is the original lender, and Sunset Partners, LLC ("Sunset"), of which defendant is the manager.

On February 2, 2004, Community Bank agreed to loan Sunset $2,650,000. In return, Sunset granted Community Bank a security interest in real property commonly known as 1351 West Sunset Road, Henderson, Nevada 89014 (hereinafter "the property").   That same day, the defendant executed a commercial guaranty whereby he guaranteed to repay the amounts due by Sunset under the note plus interest to Community Bank.

Community bank subsequently entered into a participation agreement with First National Bank of Layton (hereinafter "First National"). Through the participation agreement, First National purchased a 50% participation interest in the loan.

**James C. Mahan**
**U.S. District Judge**

1    Community Bank subsequently failed, and the Federal Deposit Insurance Corporation (hereinafter "FDIC") was named as receiver on August 14, 2009. Shortly thereafter, non-party Beal Bank USA (hereinafter "Beal") purchased Community Bank's 50% interest from the FDIC.

    On January 27, 2012, Beal assigned its 50% interest in the loan and rights to plaintiff, which is its associated holding company. The consideration paid by plaintiff for the 50% interest was $671,068.36. On January 31, 2012, a trustee's sale of the property was held. Plaintiff was the successful bidder with a bid of $1,340,000.00. At the time of the trustee's sale, plaintiff held a 50% interest in the loan and First National held the other 50%. The remaining unpaid balance due and owing under the loan documents was $2,579,022.24 and the fair market value of the property was $1,435,000. On September 6, 2012, plaintiff purchased First National's interest for $1,000,000.00.

    On March 8, 2012, plaintiff filed a complaint in this court for breach of guaranty and requested a deficiency judgment. (Doc. # 1). Plaintiff alleged it was owed $854,511.12 plus $58,119.34 in interest. (*Id.*).

    On May 3, 2013, plaintiff filed a motion for summary judgment. (Doc. # 67). The court found the defendant responsible for the deficiency amount and granted plaintiff's motion. (Doc. # 79).

    On June 23, 2014, defendant filed a motion for summary judgment. (Doc. # 88). The court denied defendant's motion as moot, since the court had already granted summary judgment in plaintiff's favor and found defendant liable for the deficiency. (Doc. # 95). The court further found that NRS § 40.459(1)(c) applied to the January 27, 2012, transfer from Beal to the plaintiff and that plaintiff was entitled to a deficiency judgment in the amount of $264,220.69. (*Id.*).

**II.    Legal standard**

    Under Federal Rule of Civil Procedure 54(d), a prevailing party may seek costs and fees. Fed. R. Civ. P. 54(d)(1)–(2). A party seeking fees must: (i) file the motion no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which

**James C. Mahan**
**U.S. District Judge**

- 2 -

the claim is made. Fed. R. Civ. P. 54(d)(2). Local Rule 54–16(b) further requires that the motion include the following components:

    1. A reasonable itemization and description of the work performed;

    2. An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54–1 through 54–15;

    3. A brief summary of the following:
        A. The results obtained and the amount involved;
        B. The time and labor required;
        C. The novelty and difficulty of the questions involved;
        D. The skill requisite to perform the legal service properly;
        E. The preclusion of other employment by the attorney due to acceptance of the case;
        F. The customary fee;
        G. Whether the fee is fixed or contingent;
        H. The time limitations imposed by the client or the circumstances;
        I. The experience, reputation, and ability of the attorney(s);
        J. The undesirability of the case, if any;
        K. The nature and length of the professional relationship with the client;
        L. Awards in similar cases; and,

    4. Such other information as the Court may direct.

LR 54–16(b). In addition, the motion for attorneys' fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54–16(c). A failure to provide the documentation required by LR 54–16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." LR 54–16(d).

**III.    Discussion**

Plaintiff filed the instant motion requesting a total of $106,918.22: $102,700.90 in attorneys' fees and $4,217.32 in nontaxable costs.[1] Defendant did not respond. Pursuant to Local Rule 7–2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Since the defendant failed to respond, he is deemed to have consented to the plaintiff's motion and the court may award the plaintiff reasonable attorneys' fees and costs.

---

[1] Plaintiff also submitted a bill of costs requesting $890.90 in taxable costs. (Doc. # 98). Defendant did not file any objections, and the clerk's office taxed $890.90 in costs against defendant. (Doc. # 101).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani,* 488 F.3d 1057, 1059 (9th Cir. 2007). Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 991 (1994). The decision to award attorneys' fees is left to the sound discretion of the district court. *Id.* NRS § 18.010 states in relevant part:

> 1. The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.
>
> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
> (a) When the prevailing party has not recovered more than $20,000; or
>
> (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. . . .
>
> 3. In awarding attorney's fees, the court may pronounce its decision on the fees at the conclusion of the trial or special proceeding without written motion and with or without presentation of additional evidence.
>
> 4. Subsections 2 and 3 do not apply to any action arising out of a written instrument or agreement which entitles the prevailing party to an award of reasonable attorney's fees.

Nev. Rev. Stat. § 18.010.

Additionally, under Local Rules 54–16(b)(1) and (2), a party's motion for attorneys' fees must include "[a] reasonable itemization and description of the work performed."

With respect to costs, a prevailing party is entitled to nontaxable costs and expenses unless a federal statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(1); LR 54–1. The movant must itemize "all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54–1 through 54–15." LR 54–16(b)(2).

Plaintiff asserts that it is entitled to attorneys' fees and costs under the loan documents, which constitute the parties' contract. The parties' business loan agreement provides that, "Borrower agrees to pay upon demand all of Lender['s] costs and expenses, including Lender['s] attorneys' fees and Lender['s] legal expenses incurred in connection with the enforcement of this

James C. Mahan
U.S. District Judge

- 4 -

Agreement." (Doc. # 97 at 2; *see* exh. 1 at 6). Plaintiff further asserts that the promissory note also provides for the lender to collect attorneys' fees and costs to enforce the terms of the note. (Doc. # 97 at 2; *see* exh. 2 at 3).

Further, plaintiff asserts that the deed of trust provides, "If Lender institutes any suit or action to enforce any of the terms of the Deed of Trust, Lenders shall be entitled to recover such sum as the court may adjudge reasonable attorneys' fees[.]" (Doc. # 97 at 2; *see* exh. 3 at 12). Finally, the commercial guaranty executed by defendant provides, "Guarantor agrees to pay upon demand all of Lender['s] costs and expenses including Lender['s] attorneys' fees and Lender['s] legal expenses incurred in connection with the enforcement of this Guaranty." (Doc. # 97 at 2; *see* exh. 4 at 3).

Attorneys' fees in this action total $102,700.90. (Doc. # 97 at 3; Exh. 5-6). Nontaxable costs in this action total $4,217.32. Plaintiff asserts that these fees and costs are reasonable for the work performed, largely because of the numerous motions involved in this case addressing novel legal issues concerning Nevada's deficiency judgment process. (Doc. # 97 at 3). Plaintiff has submitted itemized descriptions of the work performed and the related attorneys' fees for that work. Plaintiff has also submitted an affidavit of Michael Stein, lead partner on the case, in support of the attorneys' fees and nontaxable costs. Plaintiff also itemizes the requested nontaxable costs, which include costs for legal research, trial exhibits, photocopies, and delivery and courier services. (Doc. # 97-8).

The court has granted summary judgment in favor of plaintiff with respect to both liability and damages. The loan documents expressly allow plaintiff to recover attorneys' fees in any action brought for the purpose of enforcing its contractual rights. Plaintiff has complied with all local rules and attaches an itemization of the billing by each attorney and an itemization of the nontaxable costs expended. The attorneys and paralegals billed at a 10% reduced rate for all work on the instant matter.

The court finds that the attorneys' fees and nontaxable costs requested are reasonable and appropriate. Accordingly, the court will award plaintiff $102,700.90 in attorneys' fees and $4,217.32 in nontaxable costs, for a total award of $106,918.22.

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff CXA-10 Corp.'s motion for attorneys' fees and nontaxable costs (doc. # 97) be, and the same hereby is, GRANTED.

DATED May 1, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**